## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | |
|---|---|
| STEVEN CHARLES SETTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )       CV420-182 |
| | ) |
| CHATHAM COUNTY | ) |
| DETENTION CENTER and | ) |
| LT. BLANTON, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, appearing *pro se*, has submitted a complaint alleging denial of adequate medical care. Doc. 1. He seeks to proceed *in forma pauperis* (IFP). Doc. 2. After reviewing plaintiff's application, as he does not appear indigent, his motion for leave to proceed IFP should be **DENIED** and the case **DISMISSED**.

The Court is required to dismiss a case brought IFP if it determines, at any time, that the allegation of poverty is untrue. 28 U.S.C. § 1915(e)(2)(A). In his application, plaintiff claims to possess $5,000,000 in a checking account. Doc. 2 at 2. Though the Court is skeptical that plaintiff, who also claims that he earned $8.50 per hour from his most

recent employment, actually has such a large sum in his bank account, it accepts his allegation of assets, which was made under penalty of perjury.[1] *Id.*

Two important points must be underscored. First, proceeding IFP is a privilege, not an entitlement. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). Second, courts have discretion to afford litigants IFP status; it's not automatic. 28 U.S.C. § 1915(a)(1) (courts "*may* authorize the commencement" of IFP actions); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items); *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (the decision of whether to grant or deny IFP status under 28 U.S.C. § 1915 is

---

[1] Plaintiff should remember that liars may be prosecuted. *See United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); id., doc. 47 (guilty verdict), cited in *Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012) (collecting sanction cases).

discretionary).  Given his disclosed assets, plaintiff is not indigent. Accordingly, his application to proceed *in forma pauperis* should be **DENIED**, doc. 2, and the complaint **DISMISSED**, doc. 1.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 13th day of

August, 2020.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA